# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY GRAEHL,**

                **Plaintiff,**

                v.                         Case No. 22-CV-1341

**KOHL'S, INC.,**

                **Defendant.**

## CONSENT CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Based on the stipulation of the parties (ECF No. 13), and to expedite the flow of discovery material, facilitate the prompt resolutions of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the court's authority under Federal Rules of Civil Procedure 26, 29, and 37, **IT IS HEREBY ORDERED** that:

1. As used in the Consent Confidentiality Agreement and Protective Order (hereinafter "Protective Order"), these terms have the following meanings:

    a. "Attorneys" means counsel of record;

    b. "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

c. "Confidential" documents are documents designated pursuant to paragraph 2;

d. "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

e. "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A party may designate information or documents produced or furnished by that party or a third party as "Confidential," to protect information within the scope of Fed. R. Civ. P. 26(c). "Confidential" documents shall include any information (regardless of how it is generated, stored, or maintained) or tangible things produced by a party or non-party in the action which it believes constitutes, contains, reflects, or discloses confidential, non-public trade secrets, competitively sensitive or proprietary information, research and analysis, development or commercial information, or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or applicable law.

3. All "Confidential" documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or

communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any "Confidential" document shall be limited to:

    a. the Court and its staff;

    b. Attorneys, their law firms, and their Outside Vendors;

    c. persons shown on the face of the document to have authored or received it;

    d. court reporters retained to transcribe testimony;

    e. the parties, including any officers, directors or employees of the parties;

    f. outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action;

    g. witnesses, potential witnesses, or consultants whom counsel for the parties reasonably deem necessary for the preparation and trial of this action; and

    h. mediators enlisted by the Parties to assist in the resolution of this matter.

Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints

as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

5. Each person appropriately designated pursuant to paragraphs 4(f)–(g) to receive confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

6. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless

otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

7. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. Any party receiving such improperly designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents.

8. Any inadvertent or unintentional disclosure by the party supplying the "Confidential" information or documents (regardless of whether the information or documents were so designated at the time of the disclosure), or of documents or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege shall not be deemed a waiver in whole or in part of the party's claim of confidentiality or privilege, provided that the supplying party has given notification to the persons or entities to which disclosure was made with reasonable promptness after it learns of such inadvertent or unintentional disclosure. Upon receiving notice of

inadvertent disclosure, the receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by this Protective Order. The parties intend for this paragraph to be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

9. Before filing any information that has been designated as "Confidential" with the Court, or filing any pleadings, motions or other papers that disclose such information, filing counsel shall confer with counsel for the party that designated the information as "Confidential" about how it should be filed. Furthermore, the parties agree to follow the standards and procedures for filing and sealing documents as set forth under this Court's Procedures for Filing Restricted and Sealed Documents and General Local Rule 79. The parties agree to cooperate in the filing of such motion, and each party shall take reasonable steps to ensure that documents designated as "Confidential" are not made public without the prior consent of the Court.

10. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate

relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is "Confidential" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

12. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14. The obligations imposed by the Protective Order shall survive the termination of this action.

Dated at Milwaukee, Wisconsin this 3rd day of February, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

8
Case 2:22-cv-01341-WED   Filed 02/03/23   Page 8 of 9   Document 17

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. _____, pending in the United States District Court for the Eastern District of Wisconsin. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Eastern District of Wisconsin for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____  _____
              (Date)                                             (Signature)